UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE SANCHEZ,<br><br>    Plaintiff.<br><br>v.<br><br>ERIC ARNOLD,<br><br>    Defendant. | Case No. 4:17-cv-01155-KAW<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 1 & 3 |

Gene Sanchez, Petitioner, a state prisoner incarcerated at California State Prison Solano, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Thereafter, Petitioner filed a signed verification. (Dkt. No. 3.)

## BACKGROUND

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara. On or about August 19, 2011, he was sentenced to a determinate sentence of 5 years for a prior serious felony allegation, consecutive to an indeterminate term of 50 years to life for conspiracy to commit murder with a gang allegation.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which, on September 21, 2016, denied review of a petition allegedly raising the same claims raised here.

## DISCUSSION

A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall

"award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

      B.  Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims that the state trial court violated petitioner's right to Confrontation and Due Process under the Sixth and Fourteenth Amendments to the United States Constitution, by reason of prosecution witness Jeremy Rosario's refusal to submit to cross-examination. Liberally construed, the claims appear colorable under 28 U.S.C. § 2254, and merit an answer from respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

IT IS SO ORDERED.

Dated: August 25, 2017

KANDIS A. WESTMORE
United States Magistrate Judge